# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

REORGANIZED FLI, INC.,

    Plaintiff,

v.

Case No. 05-CV-02389-JAR-GEB

THE WILLIAMS COMPANIES, INC.;
DYNERGY MARKETING & TRADE; CMS
ENERGY CORPORATION; CMS
MARKETING SERVICES & TRADING
COMPANY; CMS FIELD SERVICES,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Reorganized FLI, Inc., filed suit in 2005 against multiple defendants alleging violation of the Kansas Restraint of Trade Act ("KRTA"). Plaintiff sought full consideration damages, or a full refund of its gas purchases, under K.S.A. § 50-115. That statute was repealed in 2013. Defendants jointly seek summary judgment arguing that the repeal of § 50-115 operates retroactively and thus Plaintiff can no longer obtain full consideration damages, foreclosing Plaintiff's claim (Doc. 52). Because the Court determines that § 50-115 does not operate retroactively, and for the reasons stated in more detail below, the Court denies Defendants' motion.

### I.    Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[1] In applying this standard, the court views the evidence and all reasonable inferences therefrom in

---

[1] Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

the light most favorable to the nonmoving party.[2] "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[3] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[4] An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[5]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[6] Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[7] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[8] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript[,] or a specific exhibit incorporated therein."[10] The non-moving party cannot avoid

---

[2] *City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[3] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[4] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[5] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[6] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

[7] *Anderson*, 477 U.S. at 256.

[8] *Id.*; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[9] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671).

[10] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[11]

Finally, summary judgment is not a "disfavored procedural shortcut;" on the contrary, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"[12] In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[13]

## II. Uncontroverted Facts

The following material facts are uncontroverted, stipulated to, or viewed in the light most favorable to Plaintiff as the nonmoving party.

Plaintiff filed this case in 2005 in Wyandotte County District Court. Defendants removed the case to this Court. The case then proceeded in multi-district litigation in the District of Nevada for approximately 14 years. In May 2019, the case was remanded back to this Court.

Plaintiffs allege that Defendants violated the KRTA. Pursuant to K.S.A. § 50-115, Plaintiff seeks full consideration damages. Prior to 2013, § 50-115 stated that "any person injured or damaged by any such arrangement, contract, agreement, trust or combination, described in K.S.A. 50-112 . . . may sue for and recover . . . the full consideration of sum paid by such person." In 2013, the Kansas legislature amended the KRTA and repealed § 50-115, effective April 18, 2013. Defendants now seek summary judgment asserting that Plaintiff no longer has a claim because Plaintiff only seeks full consideration damages under § 50-115, and the repeal of § 50-115 operates retroactively.

---

[11] *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

[12] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[13] *Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

**III.    Discussion**

There is no dispute that prior to 2013, and when Plaintiff filed this case in 2005, full consideration damages were available under the KRTA's provision, § 50-115. The parties disagree as to whether full consideration damages are still available. In resolving this issue, it is well settled that this Court must attempt to ascertain and apply state law, which in this case is the law of Kansas.[14] The Court must look to the rulings of the state's highest court and, where no controlling state decision exists, the Court must endeavor to predict how the state's highest court would rule.[15] The Court should consider analogous decisions by the state supreme court, decisions of lower courts in the state, decisions of federal and other state courts, and the general weight and trend of authority.[16] Ultimately, the Court's task is to predict what decision the Kansas Supreme Court would make if faced with the same facts and issue.[17] A brief background on the statutory history, Kansas law, and cases addressing the KRTA is necessary.

   **A.    *Statute Changes***

In 2013, the Kansas legislature enacted "substantial changes to the KRTA."[18] The changes included:

> (1) The repeal of the full-consideration damages provision in K.S.A. 50-115, which allowed a successful plaintiff to recover the full consideration paid for goods "controlled in price by such combination" [ ]; (2) a declaration that provisions of the KRTA shall be "construed in harmony" with the United States Supreme Court's interpretations of federal antitrust law; and (3) permitting a rule-of-reason analysis by an explicit allowance for "reasonable restraint[s] of trade or commerce."[19]

---

[14] *Wade v. Emasco Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007).

[15] *Id.* at 665–66.

[16] *MidAmerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc.*, 436 F.3d 1257, 1262 (10th Cir. 2006).

[17] *Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006).

[18] *Smith v. Philip Morris Cos., Inc.*, 335 P.3d 644, 652 (Kan. Ct. App. 2014).

[19] *Id.* at 652–53 (citing K.S.A. § 50-163(b), (c); 2013 Kan. Sess. Laws 102).

4

Prior to 2013, the KRTA contained several damages provisions, including § 50-108 providing for actual damages, § 50-115 providing for full consideration damages, and § 50-161 providing for treble damages. As noted by the Kansas Supreme Court in the 2012 case, *O'Brien v. Leegin Creative Leather Products, Inc.*, "[f]or persons injured or damaged by price-fixing prohibited under K.S.A. 50-101 and K.S.A. 50-112, recovery of damages sustained, full consideration damages, and treble damages are permitted."[20] The 2013 amendments to the KRTA, prompted by the holdings in the *O'Brien* case, repealed both §§ 108 and 115, and damages are now included in the current § 161.[21] Although actual damages and treble damages are included in the revised statute, full consideration damages are not.

The legislature also included a provision addressing the retroactivity of the KRTA amendments:

> K.S.A. 50-163 and the amendments to K.S.A. 50-101 and 50-112 by this act shall be applied retroactively to any choses in action or defenses premised on any provision of the Kansas restraint of trade act amended or repealed by this act, and any such choses in action or defenses that have accrued as of the effective date of this act shall be abated, but causes of action that were pending in any court before

---

[20] 277 P.3d 1062, 1084 (Kan. 2012) (noting that § 50-108's actual damages provision applied to causes of action brought under § 50-101, § 50-115's full consideration damages provision applied to causes of action brought under § 50-112, and § 50-161's treble damages provision applied to all of the KRTA) (hereinafter *O'Brien I*). In *O'Brien I*, the Kansas Supreme Court remanded the case to the district court. Upon remand, the district court made additional rulings that were appealed to the Kansas Court of Appeals. The Kansas Court of Appeals issued an opinion reversing several of the district court's findings. *O'Brien v. Leegin Creative Products, Inc.,* No. 108,988, 2014 WL 1362657 (Kan. Ct. App. Apr. 4, 2014) (review denied Aug 28, 2014) (hereinafter *O'Brien II*). The Court notes the history because both the *O'Brien I* and *O'Brien II* decisions are discussed throughout this order.

[21] K.S.A. § 50-161(b) now provides:

> Except as provided in K.S.A. 12-205, and amendments thereto, any person who may be damaged or injured by any agreement, monopoly, trust, conspiracy or combination which is declared unlawful by the Kansas restraint of trade act shall have a cause of action against any person causing such damage or injury. Such action may be brought by any person who is injured in such person's business or property by reason of anything forbidden or declared unlawful by the Kansas restraint of trade act, regardless of whether such injured person dealt directly or indirectly with the defendant. The plaintiff in any action commenced hereunder in the district court of the county wherein such plaintiff resides, or the district court of the county of the defendant's principal place of business, may sue for and recover treble the actual damages sustained. . . . .

the effective date of this act, shall not be abated. All other non-remedial provisions of this section shall be applied prospectively.[22]

### B. Kansas Law

Generally, under Kansas law, statutes will not be given retroactive effect "unless it appears that such was the legislative intent."[23] "Even where the legislative intent is clear, courts must still consider whether retrospective application of legislation will affect vested or substantive rights."[24] Kansas also generally applies the following rule:

> [W]hen a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a saving clause as to existing litigation.[25]

Thus, in general, changes in law that only affect remedies or laws of procedure operate retroactively.[26] Again, however, "a statute which affects a remedy may be applied retrospectively only if it 'does not prejudicially affect the substantive rights of the parties.'"[27]

### C. Case Law Addressing KRTA Amendments

Two Kansas Court of Appeals' decisions have addressed the KRTA amendments although they do not specifically address the retroactivity of § 50-115. One is published, and one is not. In the unpublished opinion, *O'Brien II*, the Kansas Court of Appeals noted the changes in

---

[22] K.S.A. § 50-164.

[23] *Jones v. Garrett*, 386 P.2d 194, 199 (Kan. 1963); *see also Nitchals v Williams*, 590 P.2d 582, 586 (Kan. 1979) (stating that "[t]he general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively.").

[24] *Owen Lumber Co. v. Chartrand*, 73 P.3d 753, 755 (Kan. 2003).

[25] *Jones*, 386 P.2d at 199.

[26] *Id.*

[27] *Owen Lumber*, 73 P.3d at 756 (citing *Nitchals*, 590 P.2d at 587).

6

the KRTA, and that those changes were enacted in direct response to the Kansas Supreme Court's earlier opinion in the case.[28] The court noted the repeal of full consideration damages as well as other changes to the KRTA.[29] The Kansas Court of Appeals noted that most of the precedential value from its opinion and the Kansas Supreme Court's earlier *O'Brien I* decision was limited to cases already pending prior to April 18, 2013.[30]

The *O'Brien II* court considered and discussed whether the district court improperly modified the class by excluding class members.[31] In making this decision, the Kansas Court of Appeals discussed legal propositions based on §§ 115 and 108, two of the three damages provisions in the KRTA.[32] Although the court did not discuss whether full consideration damages under § 115 remained applicable in cases that were pending at the time of the KRTA amendments, the Kansas Court of Appeals' decision implied that a claim under § 115 was still viable.[33]

In *Smith v. Philip Morris Cos.*, the Kansas Court of Appeals noted that the Kansas legislature made substantial changes to the KRTA in 2013.[34] The court noted the effective date of those changes but also specifically stated that they "do not apply retroactively to cases, like this one, already pending at the time."[35] The Kansas Court of Appeals stated that the legislature

---

[28] 2014 WL 1362657, at *5.

[29] *Id.*

[30] *Id.*

[31] *Id.* at *7. The court noted that the KRTA provided more than one legal theory and more than one statute authorizing recovery.

[32] Both were repealed in 2013. Actual damages, however, are still available. *See* K.S.A. § 50-161.

[33] *O'Brien II*, 2014 WL 1362657, at **8–9.

[34] 335 P.3d at 652-53.

[35] *Id.* at 652 (citing K.S.A. § 50-164; *Owen Lumber*, 73 P.3d at 755).

7

repealed the full consideration damages.[36] It also stated that the plaintiffs in the case before it claimed full consideration damages and that it would proceed under the previous version of the KRTA because the case was pending at the time of the amendments.[37] The court did not explicitly state that full consideration damages were no longer available.

Finally, there is one District of Kansas case addressing the impact of the KRTA amendments generally.[38] In it, Judge Crabtree noted that the KRTA amendments were substantial and went into effect in 2013, but that they "generally do not apply retroactively to cases already pending at the amendments' effective date."[39] Thus, he found that the current version of the KRTA was inapplicable because the case was filed prior to the 2013 amendments.[40] Judge Crabtree did not discuss the availability of full consideration damages.

There are also three cases specifically holding that the repeal of K.S.A. § 50-115 operates retroactively to prevent a plaintiff from obtaining full consideration damages even though the case was filed and pending when the statute was repealed. One decision is from the Wyandotte County District Court in Kansas, finding that full consideration damages were no longer available due to § 50-115's repeal.[41] This decision, however, was issued prior to *O'Brien II* and *Smith*. Thus, the court did not have any guidance from the higher courts in Kansas.

---

[36] *Id.* at 652–63.

[37] *Id.*

[38] *Suture Express, Inc. v. Owens & Minor Dist. Inc.*, No. 12-2760-DDC, 2016 WL 1377342, at *33 n.19 (D. Kan. Apr. 7, 2016).

[39] *Id.* (citation omitted).

[40] *Id.*

[41] *Associated Wholesale Grocers, Inc. v. United Egg Producers*, No. 10-cv-2171 (Kan. Dist. Ct., Wyandotte Cty. Oct. 3, 2013).

The other two decisions are from outside Kansas.[42] Only one of the decisions warrants discussion, which is a previous decision in this multi-district litigation case involving Defendants. The District of Nevada decided that "the best interpretation of Kansas law is that the 2013 repeal of the 'full consideration' remedy under KRTA is retroactive to all cases."[43] In making this determination, the court considered the savings clause under § 50-164 but concluded that it "discusses only the retroactivity of changes to substantive standards governing antitrust claims under KRTA [and] does not discuss the retroactivity of remedies under the 2013 KRTA amendment."[44] The court discounted the two Kansas Court of Appeals' cases determining that one was unpublished and neither spoke directly to the retroactivity of § 50-115.[45] Ultimately, the District of Nevada decided that full consideration damages were unavailable and granted summary judgment in Defendants' favor on that issue.[46]

### D. *Application in this Case*

As noted above, "[i]n determining whether the provisions of any statute apply prospectively or retrospectively, the general rule is that a statute operates only prospectively unless there is clear language indicating that the legislature intended it to operate

---

[42] *In re Western States Wholesale Natural Gas Antitrust Litig. v. Williams Cos.*, MDL No. 1566, 2017 WL 3610553 (D. Nev. Aug. 22, 2017) (*rev'd on other grounds by* 743 F. App'x 802 (9th Cir. 2018)); *In re Polyurethane Foam Antitrust Litig.*, 998 F. Supp. 2d 625 (N.D. Ohio 2014). The Northern District of Ohio cursorily stated that the repeal operated retroactively but also noted that the parties did not brief the substantial change in law. *Id.* at 640. In addition, this decision was issued prior to the Kansas Court of Appeals' decisions in *O'Brien II* and *Smith*.

[43] *In re Western States,* 2017 WL 3610553, at *4. This decision involved the same Defendants in this case but different plaintiffs. Plaintiff in this case did not participate in the briefing. Prior to the MDL remand of this case, Defendants had filed their motion for summary judgment with the District of Nevada. The court denied it to facilitate remand to this Court. The parties submitted their original briefing to this Court and supplemented their briefs.

[44] *Id.*

[45] *Id.*

[46] In that case, Defendants "moved for summary judgment against the 'full consideration' remedy under Kansas law." *Id.* at *3. Defendants also argued that the KRTA replaced full consideration damages with triple damages. *Id.* They do not make this argument in this case.

retrospectively."[47] In this case, the legislature enacted a savings statute, K.S.A. § 50-164, that states "non-remedial provisions . . . shall be applied prospectively." It does not, however, explicitly address § 115.

As the *O'Brien I* court noted in 2012, if a party's cause of action arose under § 50-112, the relief came from § 115.[48] Because § 115 has now been repealed, applying it retroactively would appear to eliminate Plaintiff's damages and thus its cause of action under § 112. To eliminate Plaintiff's cause of action is contrary to the savings statute which explicitly provides that "the amendments to . . . 50-112 by this act shall be applied retroactively to any choses in action . . . but *causes of action that were pending in any court* before the effective date of this act, *shall not be abated*."[49] Thus, there is no clear language that the repeal of § 115 should operate retroactively and eliminate full consideration damages for Plaintiff's claim.

Defendants contend that this Court should follow the holdings that § 115 is retroactive in *Associated Wholesale Grocers*, *In re Western States*, and *In re Polyurethane*. Plaintiff argues that this Court should look to the two Kansas Court of Appeals' decisions, *O'Brien II* and *Smith*, for guidance as to the retroactive application of § 115. As noted above, the Court's job is to attempt to ascertain and apply Kansas state law.[50] When there is no opinion by the Kansas Supreme Court directly on point, the Court must try to predict how it would rule.[51]

The holdings in *In re Western States* and *In re Polyurethane* are from courts outside of Kansas, and thus their persuasiveness is limited.[52] The decision in *Associated Wholesale*

---

[47] *Owen Lumber*, 276 Kan. at 220.

[48] *O'Brien I,* 277 P.3d at 1074.

[49] K.S.A. § 50-164 (emphasis added).

[50] *Wade*, 483 F.3d at 665.

[51] *Id.*

[52] In addition, the *In re Polyurethane* decision occurred prior to *O'Brien II* and *Smith*.

*Grocers* occurred prior to the Kansas Court of Appeals' decisions, and thus its persuasiveness is similarly limited. Although *O'Brien II* and *Smith* do not specifically address § 115's retroactivity, both decisions make the broad statement that the KRTA amendments do not apply to cases that were pending at the time the amendments were enacted. Thus, there is some indication in Kansas law that § 115 is not retroactive to already pending cases. Furthermore, the Kansas Supreme Court's decision addressing the KRTA prior to the 2013 amendments provides some insight as to how it might rule on this issue.

In the *O'Brien I* opinion (which triggered the Kansas legislature's amendments to the KRTA), the Kansas Supreme Court noted that K.S.A. § 50-115 provides a private cause of action applicable to § 50-112.[53] The court stated that "[t]he KRTA explicitly established a cause of action for individuals to sue and recover general 'damages' as well as specific types of damages."[54] It also stated: "It thus creates not only a new procedure for relief, but also new substantive rights."[55] The Kansas Supreme Court later noted that the full consideration damages statute was more remedial than punitive.[56] Thus, the Kansas Supreme Court stated that § 115 is both remedial and substantive. This distinction is key in determining whether the repeal of § 115 operates retroactively.

Even if the language in the savings statute could be interpreted that § 115 has retroactive application, Kansas law states that "[e]ven where the legislative intent is clear, courts must still consider whether retrospective application of legislation will affect vested or substantive

---

[53] *O'Brien I*, 277 P.3d at 1074.

[54] *Id.* at 1085 (citing K.S.A. §§ 50-102, 50-108, 50-115 and 50-161).

[55] *Id.*

[56] *Id*. at 1086.

11

rights."[57] Laws that are procedural deal with "'the manner and order of conducting suits—in other words, the mode of proceeding to enforce legal rights.'"[58] "Substantive laws establish the 'rights and duties of parties.'"[59] Here, the Kansas Supreme Court noted in *O'Brien I* that § 115 under the KRTA created substantive rights.[60] Thus, because the Kansas Supreme Court previously declared that § 115 is a cause of action creating substantive rights, the legislature could not take away Plaintiff's substantive rights by deeming § 115 retroactive.

In sum, the savings statute does not clearly provide that the repeal of § 115 should be applied retroactively. In addition, the Kansas Supreme Court previously stated that § 115 creates substantive rights. Thus, the Court predicts that the Kansas Supreme Court would find that the repeal of § 50-115 does not have retroactive application to this case that has been pending since 2005. Accordingly, the Court denies Defendants' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Summary Judgment (Doc. 52) is **denied**. The Court will set a status conference to establish how this case will proceed.

**IT IS SO ORDERED.**

Dated: October 15, 2019

                S/ Julie A. Robinson
                JULIE A. ROBINSON
                CHIEF UNITED STATES DISTRICT JUDGE

---

[57] *Owen Lumber*, 276 Kan. at 220-21.

[58] *Denning v. Johnson Cty., Sheriff's Civil Serv. Bd.*, 266 P.3d 557, 572 (Kan. Ct. App. 2011) (citing *Rios v. Bd. of Public Util. of Kansas City*, 883 P.2d 1177, 1182 (Kan. 1994)).

[59] *Id.*

[60] *O'Brien I*, 277 P.3d at 1085.