**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| REORGANIZED FLI, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> THE WILLIAMS COMPANIES, INC.; DYNERGY MARKETING & TRADE; CMS ENERGY CORPORATION; CMS MARKETING SERVICES & TRADING COMPANY; AND CMS FIELD SERVICES, <br><br> **Defendants.** | Case No. 05-CV-02389-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiff Reorganized FLI, Inc. filed suit in 2005 against multiple defendants alleging a violation of the Kansas Restraint of Trade Act ("KRTA"). Plaintiff sought full consideration damages, or a full refund of its gas purchases, under K.S.A. § 50-115. That statute was repealed in 2013. Defendants sought summary judgment arguing that the repeal of § 50-115 operated retroactively and Plaintiff could no longer obtain full consideration damages, thus foreclosing Plaintiff's claim.

On October 15, 2019, the Court ruled otherwise by finding that § 50-115 does not operate retroactively and denied Defendants' summary judgment motion. Defendants are now before the Court requesting reconsideration of the Court's order, or in the alternative, leave to file an interlocutory and expedited appeal to the Tenth Circuit Court of Appeals (Doc. 64). For the reasons described below, the Court denies the motion to reconsider and grants Defendants' motion to certify for interlocutory appeal.

I.   **Procedural and Factual Background**

The factual background, statutory history, Kansas law, and cases addressing the KRTA are set forth in detail in the Court's prior order and will not be repeated at length here. Plaintiff filed this case in 2005, seeking full consideration damages. The case proceeded in multi-district litigation ("MDL") in the District of Nevada for approximately fourteen years. During that time, the Kansas legislature amended the KRTA and repealed § 50-115, effective April 18, 2013. In a previous decision in the MDL case involving Defendants, but not this Plaintiff, the District of Nevada decided that "the best interpretation of Kansas law is that the 2013 repeal of the 'full consideration' remedy under KRTA is retroactive to all cases."[1]

The Ninth Circuit, in a very brief opinion, reversed on other grounds, and remanded the case to the District of Nevada.[2] After remand to the District of Nevada, the MDL court recommended remand to the transferor courts, finding that "after three rounds of pretrial motion practice over the past two decades" and three reversals, "that dispositive motion practice should be concluded, and the matters should proceed to trial in the transferor courts."[3] Thus, in May 2019, the MDL court remanded this case to this Court.

Prior to the MDL remand of this case, Defendants had filed their motion for summary judgment on the issue of full consideration damages sought by Plaintiff in this case, with the District of Nevada. After remand, this Court allowed the parties to submit their previously-filed briefs relating to Defendants' motion for summary judgment. The Court also allowed very limited additional briefing.

---

[1] *In re W. States Wholesale Nat. Gas Antitrust Litig. v. Williams Cos.*, MDL No. 1566, 2017 WL 3610553, at *4 (D. Nev. Aug. 22, 2017), *rev'd on other grounds by* 743 F. App'x 802 (9th Cir. 2018).

[2] *In re W. States Wholesale Nat. Gas Antitrust Litig. v. Williams Cos.*, 743 F. App'x 802 (9th Cir. 2018).

[3] Conditional Remand Order, Doc. 18, at 5.

On October 15, 2019, the Court denied Defendants' motion. In this order, the Court found that the repeal of § 50-115 does not operate retroactively. Defendants now seek reconsideration of that order, or in the alternative, leave to file an interlocutory appeal to the Tenth Circuit.

## II.     Motion to Reconsider

### A.     Legal Standard

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[4] While a motion to reconsider is available where the court has "misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[5] "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[6] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[7] Whether to grant a motion for reconsideration is left to the court's discretion.[8]

---

[4] D. Kan. R. 7.3(b).

[5] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b)).

[6] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, Case No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[7] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998); *see also Turner v. Nat'l Council of State Bds. of Nursing*, Case No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[8] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

### B. Analysis

Defendants seek reconsideration asserting that the Court committed clear error in three different ways. In Defendants' first argument, they contend that the Court erred by: (A) holding that K.S.A. § 50-115 does not operate retroactively and only operates prospectively, (B) relying on dicta from two Kansas cases, and (C) interpreting the savings statute erroneously. Defendants do not offer any compelling reasons for this Court's ruling to be considered clearly erroneous. Instead, Defendants just disagree with the Court's reasoning and holding. Having reviewed Defendants' arguments, the Court finds no reason to alter its previous findings.

Second, Defendants contend that the Court clearly erred in determining that the Kansas legislature could not make the repeal retroactive. Again, Defendants just reiterate their previous position, seek to revisit issues already considered, and take issue with the Court's ultimate outcome. The Court finds no basis to reconsider its previous holding.

For Defendants' final contention of error, they assert that the Court clearly erred by not giving deference to the MDL court's August 22, 2017, decision. Previously, Defendants did not assert the argument that this Court should defer to the transferee MDL court. Generally, the assertion of new arguments in a motion to reconsider is not appropriate. The Court recognizes, however, that the parties primarily briefed the issue by filing previously-filed briefs submitted to the MDL court, and thus there would be no reason for Defendants to discuss deference in those briefs. Defendants, however, did submit limited additional briefing to this Court. In this briefing, Defendants did not discuss deference to the MDL court although it did discuss the MDL court's previous opinion relating to full consideration and a different plaintiff. The Court will briefly consider Defendants' argument although it was not previously asserted.

Although some deference should be given to a transferee court's decisions, there is no bright line as to the amount of deference.[9] Defendants assert that some courts find it improper to overturn orders of a transferee court and even courts that do not follow this exacting standard afford substantial deference to the transferee MDL court's decision.[10] Although this premise is technically correct,[11] as Plaintiff points out, these discussions generally relate to the amount of deference that a transferor court should give to a decision by the transferee MDL court *in the same case*.[12] Furthermore, deference is generally discussed in the context of overturning a MDL court's decision.[13]

The Court recognizes and agrees that a central purpose of MDL proceedings is "promoting just and efficient litigation," and "having one court decide overlapping issues [] minimize[s] the risk of inconsistent rulings."[14] This Court, however, did not overturn the transferee MDL court's decision. It simply disagreed with its holding, stated that the MDL court had discounted two Kansas cases, and determined that the opinion had limited persuasiveness.[15] In addition, the MDL decision involved the same Defendants but a different Plaintiff—a

---

[9] *In re Ford Motor Co.*, 591 F.3d 406, 410–11 (5th Cir. 2009).

[10] Doc. 65, at 11–12.

[11] *See, e.g.*, Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 577 (1978) (noting that "it would be improper to permit a transferor judge to overturn orders of a transferee judge even though error in the latter might result in reversal of the final judgment of the transferor court."); *In re Food Lion, Inc., Fair Labor Standards Act "Effective Scheduling" Litig.*, 73 F.3d 528, 531 (4th Cir. 1996) (finding that the case before it gave it the opportunity to "foster the transfer statute's goals" in not allowing transferor judges to overturn orders of transferee judges).

[12] *See In re Food Lion*, 73 F.3d at 532 (discussing discrete cases and whether the transferor court could enter a Rule 54(b) judgment in those cases when the transferee court did not enter it prior to the remand of the cases); *see also In re Ford Motor Co.*, 591 F.3d at 411–12 (discussing whether the transferor court could grant a motion for reconsideration regarding a decision by the transferee court).

[13] *In re Food Lion*, 73 F.3d at 532; *In re Ford Motor Co.*, 591 F.3d at 411–12.

[14] *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 17-2785-DDC, 2019 WL 294803, at *5 (D. Kan. Jan. 23, 2019).

[15] The Court recognizes its decision differs from the MDL court's opinion relating to a different plaintiff.

different case.  Thus, the procedural posture of this case is different and substantial deference is not justified.

Finally, as Plaintiff notes, the MDL judge issued another decision directly relating to this Plaintiff.  Even though Defendants' motion for summary judgment was pending, the MDL court decided not to rule on the issue in this particular case and instead recommended remand of the remaining cases to their transferor courts.  In its remand, the MDL court determined that dispositive motion activity should conclude and the cases should proceed to trial in the transferor courts.[16]  As noted by the District of Kansas, a transferee MDL court's "decision to remand turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL.  Remand is appropriate when the discrete function performed by the transferee court has been completed."[17]  The MDL court had the opportunity to decide the motion for summary judgment on the full consideration issue (the motion was pending before it) and consider Defendants' argument that Plaintiff's full consideration claim was foreclosed.  Ultimately, the MDL court decided to recommend transfer of all cases back to the transferor courts.  The Court finds that Defendants do not identify clear error in the summary judgment order with respect to the deference given to the MDL court.  Accordingly, the Court denies Defendants' motion to reconsider.

### III. Motion for Leave to File Interlocutory Appeal

#### A. Legal Standard

The court of appeals may hear appeals from all final decisions of the district courts of the United States and certain interlocutory orders involving injunctions, appointing receivers and

---

[16] Conditional Remand Order, Doc. 18, p. 5.

[17] *See In re EpiPen*, 2019 WL 294803, at *4 (quotation marks and citations omitted).

determining rights in admiralty cases.[18] With regard to other interlocutory orders, a district judge may certify an interlocutory order when she is of the opinion that (1) such order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[19] The Court retains discretion to certify an interlocutory order for appeal under section 1292(b).[20] Such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action."[21]

### B. Analysis

Defendants assert that if the Court denies their request for reconsideration, the Court should grant them leave to file an interlocutory and expedited appeal to the Tenth Circuit. Plaintiff contends that Defendants do not meet the high bar for certification of an interlocutory appeal. The Court addresses each element in turn.

#### 1. Controlling Question of Law

In 2013, the Kansas legislature repealed K.S.A. § 50-115, the full consideration statute under the KRTA. If Plaintiff is unable to proceed under § 50-115, because it has retroactive effect, Defendants assert that Plaintiff's claim is foreclosed because Plaintiff never sought damages under any other statute. This Court ruled that § 50-115 does not apply retroactively and thus Plaintiff's claim was not foreclosed. There are no contested factual issues, and this dispute is purely legal which would make it appear that the issue is a controlling question of law.

---

[18] *See* 28 U.S.C. §§ 1291, 1292(a).

[19] *See id.* § 1292(b).

[20] *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995).

[21] *Menefee v. Werholtz*, Case No. 08-3314-SAC, 2009 WL 949134, at *1 (D. Kan. Apr. 7, 2009) (quoting *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994)).

7

Plaintiff asserts, however, that interlocutory appeal would not generate substantial efficiencies because even if full consideration damages are unavailable, it should be allowed to proceed on a treble-damages theory. Plaintiff previously asserted this argument in its response to Defendants' motion for summary judgment. Defendants disagree on the availability of treble damages and assert that Plaintiff did not request treble damages in its complaint and Plaintiff cannot now amend its complaint to include such relief. The Court previously did not decide the issue because it found it unnecessary to determine because Plaintiff's full consideration claim was going forward. Now, the Court must consider the availability of treble damages when determining whether the full consideration issue is a controlling question of law.

In reviewing the previous pleadings in the MDL case with regard to this Plaintiff, Plaintiff asserted numerous times that it was only seeking full consideration damages. The Court recognizes that most of these assertions occurred prior to the repeal of § 50-115, but nevertheless, Plaintiff opted to proceed that way. Only in 2018, in response to Defendants' motion for summary judgment, did Plaintiff first raise the issue that its operative complaint (the Amended Complaint) encompassed treble damages.

In reviewing the Amended Complaint, the Court finds that Plaintiff only sought full consideration damages. Plaintiff referenced all the Kansas anti-trust statutes when stating that jurisdiction and venue were applicable. When specifying the damages it sought, however, Plaintiff stated that it was "seeking damages under the full consideration damage remedy of Kansas Statutes Annotated § 50-115 during the relevant time period."[22] In the Prayer for Relief, Plaintiff again stated that it sought full consideration of its purchases pursuant to § 50-115.[23] In

---

[22] Doc. 13, # 63.

[23] *Id.*, Prayer for Relief.

addition, Plaintiff stated that it sought the necessary costs for bringing suit and reasonable attorney fees under § 50-108 and § 50-161.[24] Under notice pleading standards, Plaintiff's Amended Complaint did not provide any notice to Defendants that Plaintiff sought anything other than full consideration damages. Indeed, Plaintiff affirmatively stated throughout this litigation (until 2018) that it only sought full consideration damages.

To the extent that Plaintiff asserts that it should be allowed to amend its complaint, the time has long passed to do so. Indeed, the MDL court previously denied Plaintiff's request to amend its complaint to add a federal antitrust claim in 2010 finding that it was out of time. The Ninth Circuit affirmed this decision.[25] Plaintiff contends that Defendants would not be prejudiced, but the Court disagrees. As noted above, for approximately thirteen years, Plaintiff affirmatively stated that it only sought full consideration damages and Defendants were not on notice of an alternative theory.

Here, Plaintiff can only proceed under the full consideration statute, and treble damages are unavailable. Thus, the Court finds that this issue is a controlling question of law in this case. If Plaintiff is unable to proceed on its full consideration claim, it no longer has a claim. Accordingly, the first element is met.

---

[24] *Id*. at 43–44. At that time, § 50-108 addressed actual damages, and § 50-161 addressed treble damages. In the current version of the statute, § 50-161 is the only statutory provision addressing damages.

[25] *In re W. States Wholesale Nat. Gas Antitrust Litig. v. Williams Cos*., 715 F.3d 716, 736–38 (9th Cir. 2013). The Ninth Circuit noted that the MDL scheduling order required any motions to amend pleadings be filed by March 2, 2009, and that the district court was within its discretion in denying plaintiff's motion to amend. *Id.* at 736. Under these circumstances, in which the MDL court *specifically* denied this Plaintiff's request for leave to amend (albeit a different request), and the Ninth Circuit affirmed the particular decision, the Court finds that substantial deference to the MDL court's opinion is warranted.

## 2. Substantial Ground for Difference of Opinion

For a substantial ground for difference of opinion to exist, it is not enough that the issue is one of first impression, or that the only other case on point reached an opposite conclusion.[26] Rather, this standard implies that the question is "difficult, novel, and involve[s] 'a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'"[27] This Court has previously found that a substantial ground for difference of opinion exists where a party presented "colorable arguments" in support of its alternative position.[28]

Here, as noted in the previous summary judgment order, this Court is the only one to specifically hold that § 50-115 does not apply retroactively. Two Kansas Court of Appeals' decisions have addressed the KRTA amendments although they do not specifically address the retroactivity of § 50-115. Three other opinions specifically addressed the matter and held that the repeal of K.S.A. § 50-115 operates retroactively to prevent a plaintiff from obtaining full consideration damages even though the case was filed and pending when the statute was repealed. Two of these opinions, however, were issued prior to the two Kansas Court of Appeals' decisions and thus there was no guidance from the higher courts in Kansas. The third opinion from the District of Nevada (the MDL court) also reached the opposite conclusion from this Court, discounting the Kansas Court of Appeals' decisions as not on point and unpublished.

---

[26] *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983) (citing 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice & Procedure*, § 3930 n.6 (1977 & Supp. 1983)) ("the mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion."); *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992) (declining to certify ruling for appeal where only other reported decision had reached opposite conclusion, but there was no substantial ground for difference of opinion).

[27] *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla. Dec. 12, 2014) (quoting *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 226 (D. Colo. 1991)).

[28] *Rural Water Dist. No. 4 v. City of Eudora, Kan.*, 875 F. Supp. 2d 1260, 1274 (D. Kan. 2012), *rev'd in part on other grounds,* 720 F.3d 1269 (10th Cir. 2013).

This Court's decision was guided by cases from the Kansas Supreme Court and Kansas Court of Appeals. The Court, however, acknowledges that a different interpretation could exist, presenting a "colorable argument" for an alternative position. Thus, there is substantial ground for difference of opinion.

### 3. Advancement of Ultimate Determination of Litigation

The final question is whether interlocutory appeal will materially advance the ultimate determination of this litigation because a ruling in its favor would terminate this matter. This multi-district litigation has been ongoing for fourteen years. Generally, certification is limited to extraordinary cases in which extended and expensive proceedings can be avoided by an immediate and final decision of controlling questions encountered early in the action. In this case, it is due to the lengthy litigation history that the issue even presents itself. Plaintiff filed the case in 2005. Eight years after filing the case, § 50-115 was repealed in 2013. Now, in 2019, the question is whether the repeal of § 50-115 is applicable to foreclose Plaintiff's claim filed in 2005.

Nevertheless, if the Tenth Circuit disagrees with this Court's holding that § 50-115 does not apply retroactively, Plaintiff no longer has a claim. Because Plaintiff cannot obtain alternative treble damages, Plaintiff's only option is its full consideration claim. Thus, a final ruling by the Tenth Circuit would materially advance the ultimate determination of this litigation.

In sum, the Court finds that Defendants meet the high bar to certify an interlocutory order for appeal and grants certification for appeal under section § 1292(b).

### 4. Stay Pending Appeal

Section 1292(b) provides that an interlocutory appeal does not stay proceedings in the district court "unless the district judge or the Court of Appeals or a judge thereof shall order."[29] The Court has discretion to determine whether proceedings should be stayed pending disposition of an interlocutory appeal.[30] Because the Court has found that interlocutory appeal may materially advance the termination of this litigation, the Court stays this matter pending appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Reconsider the Court's Order Denying Defendants' Motion for Summary Judgment based on the Repeal of the Full Consideration Remedy, or, in the Alternative, Defendants' Joint Request for Interlocutory Appeal to the Tenth Circuit (Doc. 64) is **denied in part** and **granted in part**. Defendants' Motion for Reconsideration is **denied**. Defendants' alternative request for Interlocutory Appeal to the Tenth Circuit is **granted**.

The Court certifies its previous Memorandum and Order (Doc. 62) for interlocutory appeal for determination of the following controlling question of law: (1) whether the repeal of K.S.A § 50-115 applies retroactively to foreclose Plaintiff's claim.

**IT IS FURTHER ORDERED BY THE COURT** that this case is stayed until either the time for Defendants to file an interlocutory appeal under 28 U.S.C. § 1292(b) expires or until the Tenth Circuit finally disposes of any such appeal, whichever is later.

**IT IS SO ORDERED.**

Dated: December 20, 2019

---

[29] 28 U.S.C. § 1292(b).

[30] *Kerr v. Hickenlooper*, No. 11-CV-01350-WJM-BNB, 2012 WL 4359076, at *4 (D. Colo. Sept. 21, 2012) (citations omitted).

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE